United States District Court
Southern District of Texas
**ENTERED**
April 30, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



SCOTT CAPERS, §
§
  Plaintiff, §
§
v. § Civil Action No. H-25-5480
§
NEWREZ, LLC, *et. al.,* §
§
  Defendants. §

## ORDER

Pending before the Court are Defendant Goldwater Bank, N.A.'s Motion Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Claims and Supporting Memorandum of Law (Document No. 15), and Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing's Motion to Dismiss (Document No. 19). Having considered the Defendants' motions, submissions, and applicable law, the Court determines that both motions should be granted.

## I. BACKGROUND

This is a matter involving an alleged wrongful foreclosure. Defendant Goldwater Bank, N.A. ("Goldwater") originated a loan to Plaintiff Scott Capers in the amount of $213,750. Plaintiff used the loan to purchase a piece of property. The loan was secured by the property. Goldwater immediately sold the loan to a non-party to this suit, AmeriHome Mortgage. Pursuant to this sale, Goldwater assigned its rights to Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing

("NewRez"). Plaintiff then defaulted on his loan and NewRez initiated foreclosure proceedings. The property was ultimately sold at a foreclosure sale on December 2, 2025.

Based on the foregoing, on November 14, 2025, Plaintiff filed suit in this Court pursuant to federal question jurisdiction asserting claims against Defendants Goldwater and NewRez (collectively "Defendants") for: (1) "lack of subject-matter jurisdiction and federal preemption of state foreclosure authority[;]" (2) "lack of standing and defective chain of title[;]" (3) "violation of RESPA and TILA[;]" (4) "mail and wire fraud[;]" and (5) "equitable and injunctive relief[.]"[1] On March 9, 2026, Defendant NewRez filed a motion to dismiss. On March 18, 2026, Goldwater filed a motion to dismiss. Plaintiff has not responded to either of Defendants' motions to dismiss either by the date required under the Federal Rules of Civil Procedure or by the date of this Order.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels

---

[1] *Plaintiff's Complaint*, Document No. 1 at 3–5.

and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Both Defendants move to dismiss Plaintiff's claims contending that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff did not respond to either motion to dismiss, failing to rebut or offer evidence to counter Defendants' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless of Plaintiff's failure to respond to the pending motions to dismiss, the Court will consider, in turn, the merits of Plaintiff's claims against each Defendant. Lastly, the Court will

3

consider Plaintiff's claims against the remaining unserved Defendants, John Does 1–10. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*A. Defendant Goldwater's Motion to Dismiss (Document No. 15)*

Plaintiff alleges that "[t]he subject note and deed of trust were originated by Goldwater Bank[.]"[2] Plaintiff further alleges that "Defendants . . . created deposit credit ex nihilo" and "failed to disclose this material fact, thereby violating the Truth in Lending Act's disclosure requirements."[3] In response, Defendant Goldwater contends that the only allegation against it is the aforementioned Truth in Lending Act ("TILA") violation.[4] Goldwater further contends that Plaintiff's TILA claim is barred by the statute of limitations.[5] Plaintiff offers no rebuttal.

TILA is designed to protect consumers by requiring certain disclosures at the time of transaction. *See Moor v. Travelers Inc. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). TILA provides either a one- or three-year statute of limitations depending on

---

[2] *Plaintiff's Complaint*, Document No. 1 at 2.

[3] *Plaintiff's Complaint*, Document No. 1 at 2.

[4] *See Defendant Goldwater Bank, N.A.'s Motion Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Claims and Supporting Memorandum of Law*, Document No. 15 at 3.

[5] *See Defendant Goldwater Bank, N.A.'s Motion Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Claims and Supporting Memorandum of Law*, Document No. 15 at 3.

what section the claim is brought under. *See* 15 U.S.C. § 1640(e). The statute of limitations begins running from the "date of the occurrence of the violation[.]" *Id.*

Here, Defendant Goldwater contends that "Plaintiff's loan originated on July 1, 2016" and that Plaintiff's "TILA claim is barred by the statute of limitations[.]"[6] Plaintiff offers no rebuttal. The Court has reviewed the record, in detail, and notes Defendant Goldwater's contention that "Goldwater sold the loan . . . immediately after the loan transaction closed."[7] Considering that the loan was originated on July 1, 2016, and immediately sold, the Court finds that the latest possible statute of limitations ran on July 1, 2019. Based on the foregoing, and the clear language of TILA with regards to the statute of limitations, the Court finds that Plaintiff's claim against Defendant Goldwater is barred. As such, the Court finds that Plaintiff's claim

---

[6] *Defendant Goldwater Bank, N.A.'s Motion Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Claims and Supporting Memorandum of Law*, Document No. 15 at 3.

[7] *Defendant Goldwater Bank, N.A.'s Motion Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Claims and Supporting Memorandum of Law*, Document No. 15 at 3.

should be dismissed with respect to Defendant Goldwater.[8] The Court will now consider Defendant NewRez's motion to dismiss.

### B. Defendant NewRez's Motion to Dismiss (Document No. 19)

Defendant NewRez moves to dismiss all of Plaintiff's claims contending that all claims fail to state a "legally cognizable cause of action[.]"[9] Plaintiff offers no rebuttal. Despite Plaintiff's unresponsiveness, the Court will consider, in turn, the merits of each claim Plaintiff brings against Defendant NewRez.

### 1. Subject-Matter Jurisdiction and Federal Preemption

Plaintiff brings a claim for "lack of subject-matter jurisdiction and federal preemption of state foreclosure authority."[10] In response, Defendant NewRez contends that no such claims exist and that, to the extent a claim can be construed, it is inapplicable in this case. The Court will consider Plaintiff's claim to the extent one can be construed.

---

[8] To the extent that Plaintiff intends to bring claims against Defendant Goldwater in addition to his TILA claim, the Court finds that those should be dismissed for failure to state a claim upon which relief can be granted. The Court has liberally construed Plaintiff's pleadings but nonetheless notes Plaintiff's failure to respond and insufficient pleadings that fail to tie Defendant Goldwater to any of his claims as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2). Lastly, the Court notes that Plaintiff filed this action over nine years after Defendant Goldwater sold the loan in question. *See Defendant Goldwater Bank, N.A.'s Motion Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Claims and Supporting Memorandum of Law*, Document No. 15 at 2.

[9] *Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing's Motion to Dismiss*, Document No. 19 at 7.

[10] *Plaintiff's Complaint*, Document No. 1 at 3.

Lack of subject-matter jurisdiction is a defense raised by a defendant and generally presented in a motion to dismiss for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). As such, any claim that Plaintiff is attempting to bring for lack of subject-matter jurisdiction is not an appropriate cause of action. Nonetheless, the Court will consider Plaintiff's contention that "[u]pon default of a federally insured or securitized mortgage, enforcement lies exclusively with the United States through its designated agencies—not with private entities or state tribunals."

Plaintiff's claim appears to rest on the allegation that "[t]he subject mortgage is federally regulated . . . placing its enforcement under the supervision of the OCC, FHFA, and HUD."[11] In support of his claim, Plaintiff offers three cases that are not binding on this Court.[12] Despite Plaintiff's total reliance on non-binding precedent, the Court has reviewed, in detail, the cases provided by Plaintiff. The aforementioned cases hold that when the United States forecloses on a mortgage, federal law governs the remedies available to the United States.[13] Here, the United States is not a party to this matter nor is the United States the holder of the mortgage.

---

[11] *Plaintiff's Complaint*, Document No. 1 at 3.

[12] *See United States v. Stadium Apts., Inc.*, 425 F.2d 358 (9th Cir. 1970); *United States v. View Crest Garden Apts.*, 268 F.2d 380 (9th Cir. 1959); *United States v. Victory Highway Village, Inc.*, 662 F.2d 488 (8th Cir. 1981).

[13] *See United States v. Stadium Apts., Inc.*, 425 F.2d 358 (9th Cir. 1970); *United States v. View Crest Garden Apts.*, 268 F.2d 380 (9th Cir. 1959); *United States v. Victory Highway Village, Inc.*, 662 F.2d 488 (8th Cir. 1981).

Based on the foregoing, and the Court's inability to construe a cognizable claim, the Court finds that Plaintiff's claim for "lack of subject-matter jurisdiction and federal preemption" should be dismissed.[14] The Court will now consider Plaintiff's claim for "lack of standing and defective chain of title."[15]

### 2. *Lack of Standing and Defective Chain of Title*

Plaintiff contends, in relevant part, that "[d]efendants have failed to demonstrate a continuous, lawful chain of assignments from the original lender to themselves, nor physical possession of the original wet-ink note."[16] Plaintiff appears to be bringing a claim to quiet title. "To state a claim in a suit to quiet title, Plaintiffs must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable.'" *Benavides v. EMC Mortg. Corp.*, 916 F.Supp.2d 776, 782 (S.D. Tex. 2013) (citing *Strange v. Flagstar Bank, FSB*, No. 3:11-cv-2642-B, 2012 WL 987584, at *4 (N.D. Tex. Mar. 22, 2012)). Most pertinent here, a Plaintiff must "prove their case on the strength of their own title, not the weakness of [defendant's] title." *Benavides*, 916 F.Supp.2d at 782 (citation omitted).

---

[14] *Plaintiff's Complaint*, Document No. 1 at 3.

[15] *Plaintiff's Complaint*, Document No. 1 at 4.

[16] *Plaintiff's Complaint*, Document No. 1 at 4.

Here, Plaintiff contends that "[a] copy of a note endorsed in blank does not confer standing absent proof of actual custody by the plaintiff at inception."[17] In response, Defendant NewRez contends that Plaintiff challenges NewRez's "authority to enforce the mortgage" rather than "establishing the strength of his own title."[18] A review of the record in this matter reveals that Plaintiff has failed to offer any argument in relation to the strength of his own title. Based on the foregoing, and given the clear precedent that a claim to quiet title must be proved on the strength of plaintiff's title, the Court finds that Plaintiff has failed to adequately plead a claim to quiet title. As such, the Court finds that Plaintiff's claim to quiet title, to the extent Plaintiff brings one, should be dismissed. The Court will now consider Plaintiff's claims under the Real Estate Settlement Procedures Act ("RESPA") and TILA.

### 3. Violation of RESPA and TILA

Plaintiff brings claims against Defendant NewRez for "violation of RESPA and TILA[.]"[19] The Court will consider, in turn, Plaintiff's claims under RESPA and TILA.

---

[17] *Plaintiff's Complaint*, Document No. 1 at 4. The Court notes that in defense of this position, Plaintiff provides a state court case from Florida. *See McLean v. JP Morgan Chase Bank Nat. Ass'n*, 79 So. 3d 170 (Fla. Dist. Ct. App. 2012).

[18] *Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing's Motion to Dismiss*, Document No. 19 at 11.

[19] *Plaintiff's Complaint*, Document No. 1 at 4.

### i. Violation of RESPA

To state a RESPA claim, plaintiff must plead that their correspondence met the requirements of a qualified written request ("QWR"), that defendant failed to timely respond, and that said failure caused actual damages to plaintiff. *See Williams v. Wells Fargo Bank, N.A.*, 560 Fed.Appx. 233, 241 (5th Cir. 2014) (citing 12 U.S.C. § 2605(e), (f)). RESPA further provides that if a "servicer of a federally related mortgage loan receives a qualified written request . . . the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days[.]" 12 U.S.C. § 2605(e)(1)(A).

Here, Plaintiff alleges that "Defendants' non-response and concealment were willful and caused continuing injury" but simultaneously contends that "Defendants responded with generic 'validation' letters[.]"[20] In response, Defendant NewRez raises this inconsistency in Plaintiff's complaint and contends that Plaintiff fails to identify "any specific servicing information that was requested but not provided[.]"[21] Plaintiff offers no rebuttal. The Court has reviewed the record in this matter and finds that Plaintiff's own complaint contemplates Defendant NewRez's response that complies with RESPA. Based on the foregoing, and the well-established requirement that a RESPA claim requires a showing of a defendant's failure to

---

[20] *Plaintiff's Complaint*, Document No. 1 at 2, 4.

[21] *Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing's Motion to Dismiss*, Document No. 19 at 13–14.

timely respond, the Court finds that Plaintiff's RESPA claim should be dismissed.[22] The Court will now consider Plaintiff's TILA claim.

### ii. Violation of TILA

TILA is designed to protect consumers by requiring certain disclosures at the time of transaction. *See Moor v. Travelers Inc. Co.*, 784 F.2d 632, 633 (5th Cir. 1986). Notably, TILA applies only to creditors. *See* 15 U.S.C. § 1638(a).

Here, Plaintiff further alleges that "Defendants . . . created deposit credit ex nihilo" and "failure to disclose this material fact, thereby violating the Truth in Lending Act's disclosure requirements."[23] In response, Defendant NewRez contends that "Capers cannot maintain a TILA claim against NewRez because NewRez is a loan servicer rather than a creditor or liable assignee."[24] In support of its argument, Defendant NewRez relies on the language of TILA stating that "TILA's disclosure obligation applies to the 'creditor required to make disclosure,' and the statute expressly provides that a servicer 'shall not be treated as an assignee[.]'"[25] Plaintiff

---

[22] Considering the Court's finding that Plaintiff's RESPA claim fails due to Defendant NewRez's adequate response to Plaintiff's alleged QWR, the Court declines to consider Defendant NewRez's remaining arguments related to the inadequacy of Plaintiff's QWR and damages.

[23] *Plaintiff's Complaint,* Document No. 1 at 2.

[24] *Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing's Motion to Dismiss*, Document No. 19 at 16.

[25] *Defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing's Motion to Dismiss*, Document No. 19 at 16 (quoting 15 U.S.C. §§ 1640(a), 1641(f)(1)).

11

offers no rebuttal. Based on the foregoing, and given the clear language of TILA, the Court finds that TILA is inapplicable to Defendant NewRez as a loan servicer, and thus, that Plaintiff's TILA claim should be dismissed. The Court will now consider Plaintiff's claims for mail and wire fraud.

### 4. Mail and Wire Fraud

Plaintiff brings claims for mail and wire fraud under 18 U.S.C. §§ 1341, 1343 contending that "Defendants transmitted false representations of creditor authority by U.S. mail and by electronic means[.]"[26] The statutes which Plaintiff attempts to bring claims under are criminal statutes. *See Napper v. Anderson, et. al.*, 500 F.2d 634, 636 (5th Cir. 1974). Given the clear guidance of the Fifth Circuit that 18 U.S.C. §§ 1341, 1343 are criminal statutes that create no private cause of action, the Court finds that Plaintiff's claims brought under these statutes should be dismissed. Lastly, the Court will consider Plaintiff's claim for equitable and injunctive relief.

### 5. Equitable and Injunctive Relief

Plaintiff brings a claim for "equitable and injunctive relief, including disgorgement and restitution[.]"[27] The Court notes that the aforementioned relief sought by Plaintiff are remedies rather than an independent cause of action. *See* Fed. R. Civ. P. 65. Based on the foregoing, and considering the Court's findings that all

---

[26] *Plaintiff's Complaint*, Document No. 1 at 5.

[27] *Plaintiff's Complaint*, Document No. 1 at 4.

12

of Plaintiff's other claims should be dismissed for failure to state a claim upon which relief can be granted, the Court finds that Plaintiff's claim for equitable and injunctive relief, to the extent that it is an independent claim, should be dismissed. The Court will now consider Plaintiff's claims against the unserved Defendants, John Does 1–10.

### C. Unserved Defendants

Plaintiff brings suit against "John Does 1–10" contending that they "are unknown persons or entities who participated in or benefitted from the unlawful servicing, assignment, or enforcement of Plaintiff's federally insured mortgage."[28] Nothing in the record indicates that any of the aforementioned Defendants have been served in compliance with the Federal Rules of Civil Procedure. If all defendants are not served within ninety days after the complaint is filed, the Court must: (1) dismiss the action without prejudice; or (2) order service be made within a specified time. Fed. R. Civ. P. 4(m). The Court notes that the Complaint in this matter was filed on November 14, 2025.[29] It has been well over ninety days since the Complaint was filed. Therefore, the Court finds that Plaintiff's claims against the unserved Defendants John Does 1–10 should be dismissed.

---

[28] *Plaintiff's Complaint*, Document No. 1 at 2.

[29] *Plaintiff's Complaint*, Document No. 1 at 1.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Goldwater Bank, N.A.'s Motion Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Claims and Supporting Memorandum of Law (Document No. 15) is **GRANTED**. The Court further

**ORDERS** that Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing's Motion to Dismiss (Document No. 19) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against Defendant Goldwater Bank, N.A. are hereby **DISMISSED**. The Court further

**ORDERS** that Plaintiff's claims against Defendant NewRez, LLC d/b/a Shellpoint Mortgage Servicing are hereby **DISMISSED**. The Court further

**ORDERS** that Plaintiff's claims against Defendants John Does 1–10 are hereby **DISMISSED**.

SIGNED at Houston, Texas, on this **30** day of April, 2026.

DAVID HITTNER
United States District Judge

14